```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF MISSOURI
                        EASTERN DIVISION
```

KELLYE RENEE GRAHAM and          )
KEYANA HARPER,                   )
                                 )
            Plaintiffs,          )
                                 )
      vs.                        )      No.   4:04CV463-DJS
                                 )
BIG LOTS STORES, INC.,           )
                                 )
            Defendant.           )


## ORDER

This matter is before the Court on a number of pretrial motions, including defendant's motion to dismiss plaintiff Kellye Renee Graham's sex discrimination claim and defendant's separate motion for summary judgment on all remaining claims.[1] In her first amended complaint, plaintiff Graham alleges that during her employment by defendant, defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, by discriminating against plaintiff on the basis of her race and sex, and that defendant violated plaintiff's rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, *et seq.*, both by reducing her hours and ultimately terminating her employment.

---

[1] All claims by plaintiff Keyana Harper were dismissed on November 3, 2004 [Doc. #22] for lack of subject matter jurisdiction. Hereinafter, the Court uses "plaintiff" to refer to remaining plaintiff Kellye Renee Graham.

There exists no genuine dispute as to the following facts for purposes of the summary judgment motion. In the approximately one-year period plaintiff worked for defendant as a part-time cashier between August 2002 and July 2003, plaintiff failed to report for scheduled shifts ten or more times and reported late for scheduled shifts fifteen times or more. In November 2002, plaintiff was suspended for one week for insubordination for arguing with, and refusing to follow the directions of, an associate manager.

In a non-work incident, plaintiff broke her foot on May 30, 2003, after which her ability to stand was extremely limited. Plaintiff's cashier position required standing for sustained periods of time, and no store-level position existed that did not require the ability to stand and walk for sustained periods. From June 1 through July 15, defendant believed that the limitations on plaintiff's ability to stand were temporary and expected to end soon. During that time period, plaintiff was allowed to perform her job as a cashier while sitting on a stool. Because plaintiff's limitations persisted so long, the store manager asked plaintiff in mid-July to provide him with a doctor's note setting out her medical limitations and their expected duration. The doctor's note plaintiff obtained on or about July 16, 2003 restricted plaintiff from working while standing or walking, limiting plaintiff to sedentary work. Because the doctor indicated these restrictions were in effect until plaintiff's "next visit," as to which no date

2

was provided, the limitations appeared to be of indefinite duration. Concluding that plaintiff was medically unable to perform her duties, defendant placed plaintiff on a medical leave of absence as of July 17, 2003. Plaintiff did not thereafter report for work or provide defendant with a doctor's note indicating her ability to resume the duties of her employment. As of December 3, 2003, defendant considered plaintiff's employment terminated.

**Race & Sex Discrimination Claims**

The analysis of plaintiff's race and sex discrimination claims when challenged by a summary judgment motion is governed by what is known as the McDonnell Douglas burden-shifting rubric.[2]

> Under this analysis, the plaintiff must first establish a prima facie case of discrimination, which has the effect of creating a legal presumption of unlawful discrimination. The burden of production then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. If the employer meets this burden, the presumption created by the prima facie case is rebutted and drops from the case. The burden of production then shifts back to the plaintiff to show that the proffered reason was a pretext for unlawful discrimination. This last step requires a two-part showing -- the plaintiff must show: (1) that the employer's proffered reason is pretextual; and (2) that intentional discrimination is the real reason.

Russell v. Men's Wearhouse, Inc., 170 F.3d 1156, 1157 (8th Cir. 1999) (internal citations omitted); see also Ryther v. KARE 11, 108

---

[2] So called after the U.S. Supreme Court decision in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

F.3d 832, 838 (8th Cir.) (en banc), *cert. denied*, 117 S. Ct. 2510 (1997). To make a prima facie showing of discrimination, plaintiff must demonstrate that: (1) she is a member of a protected class; (2) she met the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees that were not members of the protected class were treated differently. Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003).

Some clarification as to the scope of plaintiff's claims is necessary. The operative pleading is the amended complaint filed August 16, 2004. The statement therein of plaintiff's claims is that defendant discriminated against plaintiff on or about July 16, 2003, and that the acts complained of concern defendant's termination of plaintiff's employment and reduction of her work hours. Amended Complaint [Doc. #16], ¶¶5, 9 & 11. Presumably based on allegations fleshed out in discovery, defendant treats other issues in its summary judgment motion, including *inter alia* allegations that co-workers complained about African-American employees speaking in an "unprofessional" manner and allegations concerning plaintiff's work assignments to service desk or merchandising duties as well as cashier duties. No issues of hostile work environment or disparate treatment in the assignment of job duties are pled in plaintiff's amended complaint. Because such matters were not pled in the complaint, plaintiff has neither made nor preserved any such claims, and the Court need not and will

4

not address them further.[3] This also applies to references in some of plaintiff's filings to retaliation for her contacts with the National Labor Relations Board or other activity which might allegedly be protected under federal labor law. No such claims are pled in plaintiff's complaint.

As to the properly pled claim that plaintiff's work hours were reduced for unlawful discriminatory reasons, plaintiff acknowledged in her deposition testimony that she was scheduled to work more hours than she wanted. She testified that under store manager Don Hickey, the number of hours she worked per week fluctuated more widely than they previously had, but that under both Hickey and his predecessor, she was scheduled for more hours than she wanted. Plaintiff's note to Hickey in November 2002 reflects her attempt to impose limits on her hours, consistent with her deposition testimony. Def. Exh. C, [Doc. #56.3], pp.1-2. The evidence that plaintiff herself sought reduced hours defeats her claim that reduction in her hours was unlawfully motivated by plaintiff's race or sex as well as the necessary showing that the reduction constituted an adverse employment action, particularly as plaintiff was a part-time employee with no fixed schedule.

---

[3] In the alternative, the Court would conclude that defendant is entitled to summary judgment on these issues for the reasons set forth in defendant's motion and supporting filings, including the lack of adverse employment action and plaintiff's failure to adduce competent evidence of the dissimilar treatment of similarly situated persons not in the same protected class.

The Court turns next to plaintiff's claim that her termination constituted sex or race discrimination. Defendant argues that plaintiff fails to make a prima facie case of discrimination because she cannot show she met defendant's legitimate employment expectations. In support of this argument, defendant cites plaintiff's record of absences and tardiness, and her suspension for insubordination. As these problems are not shown to have played any role in the termination of plaintiff's employment, the Court concludes that these deficiencies do not support summary judgment on plaintiff's termination claim.

Assuming without deciding that plaintiff makes out a prima facie case of discrimination with respect to her termination, defendant has come forward with evidence supporting its proffered basis for the termination, namely plaintiff's inability to perform her duties because of medical limitations.[4] The burden thus returns to plaintiff, and to succeed on her claims of race and sex discrimination she must respond with a showing that the medical reason is pretextual and that intentional discrimination on the basis of race or sex was the real reason for the termination of her employment. Plaintiff fails to respond with any evidence of a race-based or sex-based motivation for placing her on the leave of absence or for the ultimate termination of her employment.

---

[4] Whether or not the termination violated the Family Medical Leave Act, as is also alleged in plaintiff's complaint, is separately analyzed below.

Defendant is therefore entitled to judgment as a matter of law on plaintiff's claims of race and sex discrimination.

By order dated January 26, 2005, the Court denied an earlier motion to dismiss plaintiff's sex discrimination claim, finding that defendant had failed to demonstrate that plaintiff's sex discrimination claim was not administratively exhausted. Defendant has renewed its motion to dismiss the sex discrimination claim. In the renewed motion, defendant argues that plaintiff bears the burden of establishing that she satisfies the exhaustion prerequisite and that even if plaintiff submitted a second administrative charge in which sex discrimination was alleged, plaintiff fails to demonstrate that she ever received a right to sue letter on that charge. Plaintiff responded to this motion by filing a "Motion for Expansion of Record" arguing that her sex discrimination claim is properly before the Court. Because the Court here disposes of plaintiff's sex discrimination claim on the merits for the reasons set forth above, the Court will deny defendant's renewed motion to dismiss without prejudice as moot and will also deny as moot plaintiff's "Motion for Expansion of Record."

**<u>Family Medical Leave Act Claim</u>**

In response to plaintiff's allegation that her termination violated the Family Medical Leave Act ("FMLA"), defendant argues that plaintiff was not an "eligible employee" entitled to the protection of that statute. Under the FMLA, an eligible employee is one "who has been employed - (I) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. §2611(2)(A). Whether plaintiff's employment is considered to have ended on July 17 when her leave of absence began or in December when defendant considered her employment formally terminated, plaintiff had worked only 1,121 hours since her hiring in August 2002 and thereby fails to meet the second-prong of FMLA eligibility. If the July date is used, plaintiff fails to meet the first prong as well.

In one of her several responses to the summary judgment motion, plaintiff argues that defendant is "estopped from denying Plaintiff leave under FMLA" pursuant to federal regulations because defendant failed to timely advise plaintiff as to her eligibility or ineligibility for FMLA leave, citing 29 C.F.R. §825.110(d). Plaintiff contends that on May 30, 2003, the day she broke her foot, she made a request for FMLA leave by placing a call from the hospital to assistant manager Keith Jackson. Plaintiff claims that

8

leave was denied and she was told to report to work as scheduled on June 1.  Plaintiff again attempts to stave off summary judgment by reliance upon a legal theory not pled in her amended complaint. The amended complaint contains no allegations concerning May 30, 2003 or a denial of FMLA leave.  Instead, the pleading complains of the termination of plaintiff's employment and, quite the opposite of the denial of time off, the reduction of her work hours.  To the extent that plaintiff also asserts that a request for FMLA leave was again made and again denied on July 16, the Court notes that the record demonstrates that plaintiff was in fact placed on a medical leave at that time, and her employment not formally terminated until December, a period of time substantially in excess of the twelve weeks of unpaid leave afforded under the FMLA, where it applies.[5]  For all these reasons, the Court concludes that defendant is entitled to summary judgment on plaintiff's FMLA claim as well.

Accordingly,

---

[5] Because plaintiff has not pled any claim under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, there is no issue before the Court as to whether defendant, which temporarily accommodated plaintiff's medical limitations by permitting her the use of a stool on the job, was required to continue to make such an accommodation to allow plaintiff to continue working.

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [Doc. #54] is granted.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss plaintiff's sex discrimination claim [Doc. #50] is denied without prejudice as moot.

**IT IS FURTHER ORDERED** that plaintiff's motion for expansion of record [Doc. #59] is denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion to strike and for sanctions [Doc. #76] and motion to strike [Doc. #92] are denied without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel request for admission [Doc. #63] is denied.

Dated this  12th   day of July, 2005.

>                             /s/Donald J. Stohr
>                             UNITED STATES DISTRICT JUDGE